## *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 23, 2021

Ms. Sarah Lynn Ottinger
2563 Bayou Road
Second Floor
New Orleans, LA 70119

    No. 21-30688   USA v. Groves
                           USDC No. 2:18-CR-204-2

Dear Ms. Ottinger,

We have docketed the appeal as shown above, and ask you to use the case number for future inquires.  You can obtain a copy of our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist".

<u>Briefing Notice</u>: The record is complete for purposes of the appeal, see **FED. R. APP. P.** 12.  Appellant's brief and record excerpts are due within 40 days of the date shown above, see **FED. R. APP. P.** & **5TH CIR. R.** 28, 30, and 31.  See also **5TH CIR. R.** 30.1.2 and **5TH CIR. R.** 31.1 to determine if you have to file electronic copies of the brief and record excerpts. [If required, electronic copies MUST be in Portable Document Format (PDF).]

<u>Record Excerpts</u>: **5TH CIR. R.** 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court <u>must</u> contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

<u>Brief Covers</u>: THE CASE CAPTION(S) ON BRIEF COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S).  YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF TO THE COURT.

<u>Policy on Extensions</u>: The court grants extensions sparingly and under the criteria of **5TH CIR. R.** 31.4.  If you request an extension, you must contact opposing counsel and tell us if the extension is opposed or not.  **5TH CIR. R.** 31.4 and the Internal Operating Procedures following rules 27 and 31 state that except in the most extraordinary circumstances, the <u>maximum</u> extension for

filing briefs is 30 days in criminal cases and 40 days in civil cases.

<u>Reply Brief:</u> We do not send cases to the court until all briefs are filed, except in criminal appeals.  Reply briefs must be filed within the 21 day period of **Fed. R. App. P.** 31(a)(1).   See **5th Cir. R.** 31.1 to determine if you have to file electronic copies of the brief, and the format.

<u>Dismissal of Appeals:</u> The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

<u>Appearance Form:</u> If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date.  You must name each party you represent, See **Fed. R. App. P.** and **5th Cir. R.** 12.  The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

<u>Brief Template:</u>  The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief.  To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

<u>ATTENTION ATTORNEYS:</u>  Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis.  Counsel can expect to receive notice once access to the EROA is available.  Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized.  Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.  Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA.  Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

<u>VIDEO/AUDIO EXHIBITS:</u> If this record contains exhibits (e.g. Dash cam or Body cam videos) that must be submitted to the court's attention, you must provide them to the District Court in MP4 format for submission to our court.

**<u>Reminder as to Sealing Documents on Appeal:</u>**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal,

just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

    Sincerely,

    LYLE W. CAYCE, Clerk

    By: _____
    Monica R. Washington, Deputy Clerk
    504-310-7705

Enclosure(s)

cc w/encl:
    Mr. Kevin G. Boitmann
    Ms. Maria Michelle Carboni
    Ms. Diane Hollenshead Copes

Case No. 21-30688

United States of America,

        Plaintiff - Appellee

v.

Derrick Groves,

        Defendant - Appellant